IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**LACY GUYTON**                                                                                          **PLAINTIFF**

vs.                                          No. 6:21-cv-6165-RTD

**JIABO, INC., and YI ZHANG**                                                   **DEFENDANTS**

### DECLARATION OF ATTORNEY JOSH SANFORD

Pursuant to 28 U.S.C. § 1746, Josh Sanford declares, subject to the penalties for perjury, as follows:

1. My name is Josh Sanford, and I am over the age of 18 and duly qualified to execute this Declaration and to swear to the accuracy of the facts herein contained.

2. I previously filed a declaration in support of Plaintiff's Motion for Costs and Attorney's Fees and Request for Oral Argument (ECF No. 30). The information contained in that declaration has not changed. However, Plaintiff's defense of this Court's Order on appeal involved different attorneys and different processes than the prosecution of the initial case. This declaration provides additional information only relevant to Plaintiff's defense on appeal.

3. In its Order granting fees and costs, this Court approved the following hourly rates for Sanford Law Firm attorneys: $250 for Josh Sanford, $125 for Colby Qualls, $125 for Laura Edmondson, $100 for paralegals, and $25 for law clerks. Plaintiff respectfully requests a $50.00 per hour increase in these rates to account for the more complicated,

and therefore more valuable, work performed at the appellate level.[1] Accordingly, Plaintiff requests $383 per hour for Josh Sanford, $175 for Colby Qualls, $175 for Laura Edmondson, $150 for paralegals, and $75 for law clerks.

4. Plaintiff requests the following rates for attorneys who performed work on the appeal but not in the initial case: $250 for Rebecca Matlock, $175 for Michael Stiritz, and $175 for Samuel Brown.

5. The full individual billing requested in this case, including the requested hourly rates for each attorney and support staff for whom billing is requested, is summarized below:

| Billed By | Rate | Time Claimed | Value Claimed |
|---|---|---|---|
| Colby Qualls | $175.00 | 0.3 | $52.50 |
| Josh Sanford | $383.00 | 2.7 | $1,034.10 |
| Laura Edmondson | $175.00 | 0.2 | $35.00 |
| Michael Stiritz | $175.00 | 11.1 | $1,942.50 |
| Rebecca Matlock | $250.00 | 4.8 | $1,200.00 |
| Samuel Brown | $175.00 | 0.2 | $35.00 |
| Law Clerk | $75.00 | 5.3 | $397.50 |
| Paralegal | $150.00 | 0.9 | $135.00 |

6. As with the initial case, each attorney's hourly rates are supported by their skills and experience. The details regarding those attorneys who worked on the initial case have not changed and are found in my initial declaration (ECF No. 30-2). The information for attorneys who worked only on the appeal are below:

a. Attorney Michael Stiritz graduated summa cum laude from the UALR William H. Bowen School of Law in 2021, first in her class and with 24 top paper awards. Ms. Stiritz worked for the Sanford Law Firm as a staff member and law clerk throughout both of her post-graduate studies (Ms. Stiritz obtained a Master of Arts from Arkansas Tech University in 2018) and

---

[1] The requested increase in my hourly rate is more than $50.00 per hour to account for the fact that I was attorney of record on appeal.

      joined the Firm as a practicing attorney in 2021. Ms. Stiritz works exclusively in FLSA cases, primarily as a drafter as she did in this case.

  b. Attorney Rebecca Matlock graduated, magna cum laude, from the UALR William H. Bowen School of Law in 2015 and joined SLF that year. She has practiced FLSA employment law almost exclusively ever since. Ms. Matlock has been practicing with Sanford Law Firm for eight years and has completed numerous drafting projects as she did in this case.

  c. Attorney Samuel Brown graduated cum laude from the University of Arkansas at Little Rock, William H. Bowen School of Law in 2019. During law school, Mr. Brown clerked at several law firms as well as the Arkansas Municipal League. Mr. Brown also completed an externship with the Honorable Magistrate Judge Beth Deere in the Eastern District of Arkansas. Mr. Brown's practice particularly emphasizes settlements in wage and hour cases under the FLSA. Mr. Brown capably administers and finalizes several FLSA wage case settlements per week.

7. The rates requested for these attorneys are in keeping with the Court's initial award of fees and hourly rates deemed reasonable by other Courts in this district and the Eastern District of Arkansas.[2] Attorney Rebecca Matlock has been practicing for eight years and has been awarded hourly rates as high as $225.00 in the past five years in the Eastern and Western Districts of Arkansas. The request for a $250.00 hourly rate is reasonable and in keeping with the rate this Court already awarded to Attorney Vanessa Kinney. Attorneys Brown and Stiritz have been practicing for four and two years, respectively. Attorney Brown has been awarded hourly rates between $125.00 and $150.00 in the past few years, but Attorney Stiritz has not been awarded an hourly rate as a practicing attorney.[3] The request of a $175.00 hourly rate is reasonable and in

---

[2] *See Intres v. Neumeier Enter., Inc.*, No. 2:22-cv-02067-PKH-MEF, 2023 U.S. Dist. LEXIS 123543, at *12 (W.D. Ark. June 29, 2023) (awarding Attorney Matlock an hourly rate of $225.00); *Holcombe v. Midwest Outdoor Concepts, LLC*, No. 5:22-CV-5161, 2023 U.S. Dist. LEXIS 72031, at *6 (W.D. Ark. Apr. 25, 2023) (awarding Attorney Matlock an hourly rate of $225.00 and Attorney Brown an hourly rate of $150.00); *Clark v. Pollo, LLC*, No. 4:20-CV-01100-LPR, 2023 U.S. Dist. LEXIS 54207, at *5 (E.D. Ark. Mar. 29, 2023) (awarding Attorney Matlock an hourly rate of $150.00 and Attorney Brown an hourly rate of $125.00).

[3] Attorney Stiritz worked for SLF as a staff member before attending law school. *See Wright v. Tyler Techs.*, No. 4:20-cv-00454 KGB, 2021 U.S. Dist. LEXIS 177028 (E.D. Ark. Sep. 17, 2021).

keeping with the rates requested on behalf of Attorneys Edmondson and Qualls.

8. The request for attorney's fees and costs is based upon contemporaneous time and expense records maintained by Sanford Law Firm as a matter of ordinary and customary business practice. The time and billing records identify the amount of time expended, the tasks performed, the rate of the particular timekeeper involved, and the costs incurred. A true and accurate copy of a spreadsheet reflecting relevant legal services rendered and time expended on this case from December 30, 2022 (when this Court entered final judgment) through October 3, 2023 (the date of the filing of this Motion) is attached to Plaintiff's Motion to Amend Judgment Under Rule 59(e) to Include Appellate Costs and Attorneys' Fees as Exhibit 1 (hereinafter "Billing Spreadsheet").

9. A categorized summary of the time expended in pursuit of the appeal is below:

| Category | Time | Value |
|---|---|---|
| Appeal | 17.8 | $2,806.30 |
| Case Management | 0.5 | $80.00 |
| Client Communication | 0.9 | $277.30 |
| In House Conference | 0.1 | $17.50 |
| Motion for Appeal Fees | 4.3 | $1,583.00 |
| Opposing Counsel Communication | 0.4 | $67.50 |

10. Where appropriate, Sanford Law Firm attorneys also delegate work to paralegals, law clerks and staff. The requested hourly rates for Sanford Law Firm's paralegals, law clerks and staff are the same as what this Court awarded on Plaintiff's first request for fees. The work performed by support staff members in this case was necessary to the litigation and the time spent on those tasks was reasonable.

11. In preparing to support Plaintiff's Motion for Costs and Attorneys' Fees,

Sanford Law Firm exercised billing judgment in calculating the lodestar, reviewing records of hours worked and writing off entries for time spent on tasks which could be viewed as unproductive, excessive, redundant, or which were otherwise deemed as appropriate for writing off completely or reducing as part of Plaintiff's request for reasonable attorneys' fees in this case. Items deducted or reduced also included items for which billing was insufficiently clear to describe how the time was spent, a portion of in-house conferences, a portion of time related to case management and other items where appropriate. Some of these deductions are specifically described herein. As a result of this good faith review, the total billing was reduced to $4,831.60.

12. Billing entries that were completely deducted from the total relevant billing during this review (meaning the time requested was reduced to zero) were removed from and do not appear in the Billing Spreadsheet, but were preserved and may be produced upon request.

13. In addition, court costs and recoverable expenses were also incurred in this matter. These costs, totaling $80.00, are included in the Costs Invoice attached as Exhibit 3 to Plaintiff's Motion. The costs and expenses detailed in the Invoice that have been advanced by the Sanford Law Firm on behalf of Plaintiff, and which Plaintiff is contractually obligated to reimburse Sanford Law Firm out of any recovery in this case.

14. The amount of the costs requested is correct. The costs stated were necessarily incurred during the case, the services giving rise to the costs were actually and necessarily performed.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 3rd day of October, 2023.

*/s/ Josh Sanford*
**JOSH SANFORD**