IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**LACY GUYTON**                                                                                                       **PLAINTIFF**

vs.                                           No. 6:21-cv-6165-RTD

**JIABO, INC., and YI ZHANG**                                                              **DEFENDANTS**

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR APPELLATE COSTS AND ATTORNEYS' FEES

Defendants' failure to engage with this case in any sort of meaningful way coupled with their refusal to follow this Court's Orders resulted in default judgment against them. *See* Order on Mot. for Sanctions, ECF No. 22. Accordingly, this Court entered judgment against Defendants, dismissing the case and ordering Defendants to pay damages and attorneys' fees. *See* Judgment, ECF No. 33. Dissatisfied with this result, Defendants appealed the Court's Order and sought reversal from the Eighth Circuit. *See* Notice of App., ECF No. 34. After the Parties filed their briefs, the Eighth Circuit entered Judgment for Plaintiff, affirming this Court's Order. *See* Judgment, attached as Ex. 1. Accordingly, Plaintiff prevailed against Defendants on appeal and the costs and fees associated with defending on appeal are recoverable from Defendants.

### I.     LEGAL STANDARD

This Court has "'broad discretion in determining whether to alter or amend judgment' under Rule 59(e)." *Ryan v. Ryan*, 889 F.3d 499, 507–08 (8th Cir. 2018) (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999)). Motions under Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to

Page 1 of 5
Lacy Guyton v. Jiabao, Inc. et al.
U.S.D.C. (W.D. Ark.) No. 6:21-cv-6165-RTD
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Id*. at 507 (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)).

## II.   ARGUMENT

The Court's Judgment in this case should be altered to include the time and resources Plaintiff expended in defending this case before the Eighth Circuit. This Court has already determined that Plaintiff was the prevailing party and awarded fees and costs associated with successfully prosecuting the initial case. Accordingly, Plaintiff should be awarded the fees and costs associated with defending that win on appeal and this Court should amend its Judgment to include those fees and costs.

### A. Legal Standard: a party that prevails on appeal may be awarded fees

Under the FLSA, a party may be awarded an "additional attorney's fee for services rendered on appeal." *Clymore v. Far-Mar-Co, Inc.*, 576 F. Supp. 1161, 1164 (W.D. Mo. 1983); *See also Sanders v. Elephant Butte Irrigation Dist. Of N.M.*, 112 F.3d 468, 472 (10th Cir. 1997) (deeming FLSA plaintiff entitled to attorneys' fees following successful appeal); *Whittingham v. Nordam Grp., Inc.*, 429 F.3d 986 (10th Cir. 2005) (same in ADEA case); *Newhouse v. Robert's Ilima Tours*, 708 F.2d 436, 441 (9th Cir. 1983) (holding that attorney's fees under the FLSA "may include fees for appellate and post-remand services"); *Heder v. City of Two Rivers*, 93 Fed. Appx. 81, 82 (7th Cir. 2004) ("Plaintiff is entitled to an award of fees for defending the district court's award.").

When examining whether a party is a "prevailing party" for purposes of awarding attorneys' fees, the appellate phase is not viewed in isolation, but rather the issue of

Page 2 of 5
Lacy Guyton v. Jiabao, Inc. et al.
U.S.D.C. (W.D. Ark.) No. 6:21-cv-6165-RTD
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

prevailing party status is viewed through the lens of the case as a whole. *Clymore*, 576 F. Supp. at 1164 ("Regardless of how many courts consider this matter, it is only one lawsuit with only one prevailing party."). A "typical formulation" of prevailing party status is that a party may be considered "prevailing" for purposes of awarding attorney's fees if the party succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id*. Fees for appellate work may be awarded because they are part of those fees that a client would normally be expected to shoulder. *See Id*. at 1164–65.

**B. Plaintiff prevailed on appeal and should be awarded associated fees.**

Plaintiff is clearly the prevailing party on appeal because the Eighth Circuit's Judgment upheld a "significant issue in litigation which achieve[d] some of the benefit [she] sought in bringing suit." *Clymore*, 576 F. Supp. at 1164. The Eighth Circuit affirmed this Court's Order and Judgment awarding Plaintiff damages and fees, which is definitionally one of the benefits Plaintiff sought when she brought suit. "Neither [P]laintiff nor her counsel should be penalized by [D]efendant's decision to litigate this case every inch of the way." *Id.* at 1165. "Plaintiff's statutory right to equal pay has been upheld on appeal, and those who vindicated her rights should be compensated as contemplated by the statute." *Id*.

The fees and costs Plaintiff requests are reasonable. Plaintiff respects this Court's decision to "follow the precedent of judges in both the Western and Eastern districts" in its determination of fees, but respectfully requests higher hourly rates for her counsel's work on appeal. Order, p. 3, ECF No. 32. To begin with, courts in this district and in the Eastern District have awarded Plaintiff's counsel higher hourly rates than

Page 3 of 5
Lacy Guyton v. Jiabao, Inc. et al.
U.S.D.C. (W.D. Ark.) No. 6:21-cv-6165-RTD
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

those relied on by this Court for trial work performed on similar cases. *See, e.g.*, *Holcombe v. Midwest Outdoor Concepts, LLC*, No. 5:22-CV-5161, 2023 U.S. Dist. LEXIS 72031, at *5 (W.D. Ark. Apr. 25, 2023) (awarding Attorney Sanford an hourly rate of $300.00); *Rodriguez v. George's, Inc.*, No. 5:19-cv-05035, 2021 U.S. Dist. LEXIS 53997, at *5 (W.D. Ark. Mar. 23, 2021) (awarding Attorney Sanford an hourly rate of $300.00); *Murdock v. McNair*, No. 5:17-CV-05225, 2018 U.S. Dist. LEXIS 204140, at *5 (W.D. Ark. Dec. 3, 2018) (stating that $300.00 is a proper hourly rate for Attorney Sanford, but granting the requested $325.00 hourly rate based on the plaintiff's voluntary reductions of Mr. Sanford's work); *Intres v. Neumeier Enter., Inc.*, No. 2:22-cv-02067-PKH-MEF, 2023 U.S. Dist. LEXIS 123543, at *12 (W.D. Ark. June 29, 2023) (awarding Attorney Qualls an hourly rate of $150.00). Additionally, appellate work is inherently more complicated, and therefore more valuable, than work performed at the trial level. The adjusted hourly rates reflect the increase in value in the work performed on appeal. Plaintiff requests fees and costs accrued between entry of Final Judgment in this case (December 30, 2022) and the date of the filing of this Motion.

The time expended in defending this case on appeal is reasonable. Plaintiff primarily requests an award for the time spent in drafting her appeal brief, but also requests the time otherwise associated with the appeal such as communicating with opposing counsel, communicating with Plaintiff, and in preparing this Motion. Plaintiff's counsel took great effort in reducing the costs and fees associated with defending this case on appeal and requests only time that can be directly tied to the appeal. Accordingly, Plaintiff respectfully requests that this Court amend its final judgment to

Page 4 of 5
Lacy Guyton v. Jiabao, Inc. et al.
U.S.D.C. (W.D. Ark.) No. 6:21-cv-6165-RTD
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

include $4,831.60 in attorneys' fees and $80.00 in costs incurred in defending this case on appeal.

Respectfully submitted,

**LACY GUYTON, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Center Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 5 of 5
Lacy Guyton v. Jiabao, Inc. et al.
U.S.D.C. (W.D. Ark.) No. 6:21-cv-6165-RTD
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees