IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LACY GUYTON                                                                                           PLAINTIFF

v.                                         Case No. 6:21-cv-6165

JIABAO, INC. and YI ZHANG                                                                  DEFENDANTS

ARVEST BANK                                                                                       GARNISHEE

**ORDER**

Before the Court is Plaintiff's Motion to Disburse Funds. ECF No. 47. The Court previously issued a Writ of Garnishment with accompanying "Notice to Defendant" upon Arvest Bank regarding funds in its possession that belong to Defendants Jiabo, Inc. and Yi Zhang. ECF No. 45. The funds are sought by Plaintiff to satisfy a judgment entered against Defendants by this Court. ECF No. 33. Arvest Bank answered the writ and stated that it had funds in its possession belonging to Defendants in the amount sought by Plaintiffs, which totals $52,811.79. ECF No. 46. Defendants have not responded to Plaintiff's application for the writ of garnishment, the Court's issuance of the writ of garnishment, Arvest Bank's answer to the writ of garnishment, or the instant motion seeking disbursal of the funds in Arvest Bank's possession.

The procedure for enforcing a money judgment by writ of execution "must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). Under Arkansas law, a writ of garnishment "shall be directed, served, and returned in the same manner as a writ of summons." Ark. Code Ann. § 16-110-402(b)(1)(A). The judgment creditor is required to mail a copy of the writ of garnishment and attached "Notice to Defendant" to the judgment debtor in compliance with Arkansas Code §§ 16-110-402(b)(1)(B) & (b)(2)(A). Also:

> Upon return of the clerk's writ of garnishment for filing with the court, the judgment creditor or judgment creditor's attorney shall include a "Notice to Defendant" certificate of service statement, including the name and last known address for the judgment debtor and the date the "Notice to Defendant" was sent to the judgment debtor. The certificate of service statement shall be signed by the judgment creditor or judgment creditor's attorney.

Ark. Code. Ann § 16-110-402(d)(1)-(2).  Service-of-process requirements, including those applicable to writs of garnishment, are to be strictly construed and "compliance with applicable technical requirements must be exact."  *Karman, Inc. v. Elliot*, 2010 Ark. App. 654, 2-3 (2010) (citing *Carruth v. Design Interiors, Inc.,* 324 Ark. 373, 921 S.W.2d 944 (1996)).

Plaintiff provides no indication that she sent the writ of garnishment and "Notice to Defendant" to Defendants as required under Arkansas Code § 16-110-402(b).  Further, Plaintiff failed to attach a "certificate of service statement" to the instant motion as required by Arkansas Code § 16-110-402(d).  Therefore, Plaintiff has not complied with the required Arkansas procedures for serving the writ of garnishment and "Notice to Defendant" upon Defendants.

Accordingly, the Court finds that Plaintiff's Motion to Disburse Funds (ECF No. 47) should be and is hereby **DENIED**.  Plaintiff can renew the instant motion upon demonstrating that she has adhered to the applicable state procedures for writs of garnishment.

**IT IS SO ORDERED**, this 8th day of May, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge