IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LACY GUYTON                                                                                            PLAINTIFF

v.                                          Case No. 6:21-cv-6165

JIABAO, INC. and YI ZHANG                                                                      DEFENDANTS

ARVEST BANK                                                                                           GARNISHEE

## ORDER

Before the Court is Plaintiff's Renewed Motion to Disburse Funds.  ECF No. 47.  The Court finds that no response is necessary and that the matter is ripe for consideration.

Plaintiff previously secured a default judgment against Defendants for damages totaling $52,806.  ECF No. 22.  The Eighth Circuit affirmed the default judgment on appeal.  ECF No. 41.  The Court subsequently issued a Writ of Garnishment with accompanying "Notice to Defendant" upon Arvest Bank regarding funds in its possession that belong to Defendants Jiabo, Inc. and Yi Zhang.  ECF No. 45.  The funds are sought by Plaintiff to satisfy the judgment entered against Defendants.  ECF No. 33.

Arvest Bank answered the writ and stated that it had funds in its possession belonging to Defendants in the amount sought by Plaintiffs, which totals $52,811.79.[1]  ECF No. 46.  Plaintiff subsequently filed an initial motion to disburse the funds (ECF No. 47), but the Court denied that request for failing to demonstrate that Plaintiff had adhered to Arkansas' garnishment procedures (ECF No. 48).  Plaintiff then filed the instant renewed motion requesting an order from the Court directing Arvest Bank to disburse the funds.  Defendants have not responded to Plaintiff's

---

[1] The slight increase in the judgment amount is the result of post-judgment interest at the rate of 0.1% per annum from the date of entry of the judgment.  ECF No. 33.

application for the writ of garnishment, the Court's issuance of the writ of garnishment, Arvest Bank's answer to the writ of garnishment, or the instant motion seeking disbursal of the funds in Arvest Bank's possession.

The procedure for enforcing a money judgment by writ of execution "must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). Under Arkansas law, a writ of garnishment "shall be directed, served, and returned in the same manner as a writ of summons." Ark. Code Ann. § 16-110-402(b)(1)(A). The judgment creditor is required to mail a copy of the writ of garnishment and attached "Notice to Defendant" to the judgment debtor in compliance with Arkansas Code §§ 16-110-402(b)(1)(B) & (b)(2)(A). Also:

> Upon return of the clerk's writ of garnishment for filing with the court, the judgment creditor or judgment creditor's attorney shall include a "Notice to Defendant" certificate of service statement, including the name and last known address for the judgment debtor and the date the "Notice to Defendant" was sent to the judgment debtor. The certificate of service statement shall be signed by the judgment creditor or judgment creditor's attorney.

Ark. Code. Ann § 16-110-402(d)(1)-(2). Service-of-process requirements, including those applicable to writs of garnishment, are to be strictly construed and "compliance with applicable technical requirements must be exact." *Karman, Inc. v. Elliot*, 2010 Ark. App. 654, 2-3 (2010) (citing *Carruth v. Design Interiors, Inc.,* 324 Ark. 373, 921 S.W.2d 944 (1996)).

Plaintiff attaches a sworn affidavit from Samuel Brown, an attorney for the firm representing Plaintiff in this matter, to demonstrate compliance with Arkansas' garnishment procedures. ECF No. 49-1. Mr. Brown states that on April 12, 2024, he mailed the Writ of Garnishment and incorporated "Notice to Defendants" (ECF No. 45) to the listed addresses of Defendant Yi Zhang, who is the registered agent of Defenant Jiabao, Inc., and Defendants' counsel, Josh Q. Hurst. Mr. Brown further states that the garnishment materials mailed to Defendants and Defendants' counsel were never returned as undeliverable.

Upon review, the Court finds that Plaintiff has now adequately demonstrated compliance with Arkansas' garnishment procedures within Arkansas Code § 16-110-402 and corresponding compliance with Federal Rule of Civil Procedure 69(a)(1).  Accordingly, Plaintiff's Renewed Motion to Disburse Funds (ECF No. 49) is hereby **GRANTED**.  Garnishee Arvest Bank is hereby **directed** to disburse the funds to Plaintiff's counsel in the requested amount of $52,811.79.  Disbursement of those funds will constitute satisfaction of the judgment debt in this matter.[2]

    **IT IS SO ORDERED**, this 20th day of May, 2024.

        /s/ Susan O. Hickey
        Susan O. Hickey
        Chief United States District Judge

---

[2] This Order does not address or foreclose Plaintiff's currently pending request to recover attorney's fees incurred in defending the judgment on appeal.  ECF No. 49.