IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LACY GUYTON                                                                                           PLAINTIFF

v.                                        Case No. 6:21-cv-6165

JIABAO, INC. and YI ZHANG                                                                  DEFENDANTS

**ORDER**

Before the Court is Plaintiff's Motion for Appeal Fees and Costs. ECF No. 42. Defendants have not responded, and the time to do so has passed. See Local Rule 7.2(b). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On December 21, 2021, Plaintiff filed this action against Defendants. ECF No. 2. Plaintiff alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code §11-4-201 *et seq*. ("AMWA"), regarding Defendants' failure to pay required minimum and overtime wages. On July 1, 2022, Plaintiff filed a Motion to Compel, asserting that Defendants failed to provide initial disclosures and discovery requests by established deadlines and requesting that the Court compel Defendants to provide the requested material. ECF No. 17. Defendants did not respond to Plaintiff's motion and the Court subsequently granted Plaintiff's request to compel production. ECF No. 18.

On August 16, 2022, Plaintiff filed a Motion for Sanctions, asserting that Defendants failed to provide any of the requested material by the deadline set by the Court. ECF No. 20. Plaintiff contended that Defendants' violation of the Court's order should result in a default judgment. Defendants did not respond to Plaintiff's request for sanctions. The Court then granted Plaintiff's request for a default judgment. ECF No. 22. After a hearing to determine Plaintiff's damages and

attorney's fees for counsel (ECF No. 28), the Court entered a judgment awarding Plaintiff $42,964.00 in damages and Plaintiff's counsel $9,842 in attorney's fees and costs (ECF Nos. 32 & 33).

Defendants subsequently appealed this Court's entry of default judgment and damages award. ECF Nos. 34 & 35. On October 16, 2023, the Eighth Circuit issued its mandate affirming this Court's rulings. ECF No. 41. That same day, Plaintiff filed the instant motion requesting attorney's fees and costs incurred in litigating this matter on appeal. ECF No. 42. Defendants have not responded to Plaintiff's request for appeal fees and costs in any manner.[1]

## II. LEGAL STANDARD

A prevailing plaintiff in an FLSA action may be entitled to "reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Attorney's fees connected to services provided during an appeal may be recovered within a court's discretion. *See Cleverly v. W. Elec. Co.*, 594 F.2d 638, 643 (8th Cir. 1979) (holding that attorney's fees recoverable under 29 U.S.C. § 216(b) may also be recovered for appellate work). When determining the reasonable amount of fees, "[f]ederal courts employ the lodestar method, which multiplies the number of hours worked by the prevailing hourly rate[.]" *Childress v. Fox Assoc., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019) (citing *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 546 (2010)). A district court's familiarity with its local bar permits significant discretion in determining a reasonable hourly rate. *See Id*. (citation omitted). "The court also may rely on reconstructed time entries to calculate the hours worked if those entries satisfactorily document the time, but should exclude hours that were not reasonably expended from its calculations." *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 431 (8th Cir. 2021) (internal quotations and citations omitted); *and see Fires v. Heber*

---

[1] On January 23, 2024, this action was reassigned from the Honorable Robert T. Dawson to the undersigned.

*Springs Sch. Dist.*, 556 Fed. App'x 573, 576 (8th Cir. 2014) (holding that a district court should be given "due deference" regarding its insight into what hours it finds are not reasonable and excessive). "In sum, the court should calculate the reasonable hourly rate and the reasonable number of hours worked, use these two variables to calculate the lodestar, and, as appropriate, adjust the lodestar to reach the final award." *Id*.

### III. DISCUSSION

As an initial matter, the Court finds that Plaintiff is entitled to reasonable attorney's fees and costs associated with "services in connection" with the appeal. *Cleverly v. W. Elec. Co.*, 594 F.2d at 643. Plaintiff's counsel provided the Court with a billing spreadsheet (ECF No. 42-1) noting the hours worked and requested fee rate for the work, and a declaration from lead counsel Josh Sanford (ECF No. 42-2) to support the reasonableness of the rate and hours requested. Plaintiff's counsel also submitted their costs invoice. ECF No. 42-3. Plaintiff seeks $4,831.60 in attorney's fees, and $80 in costs.

**A. Reasonable Hourly Rate**

Plaintiff seeks the following rates for attorneys and staff: $338 per hour for lead counsel Josh Sanford; $175 per hour for attorney Colby Qualls; $175 per hour for attorney Laura Edmondson; $175 per hour for attorney Michael Stiritz; $250 per hour for attorney Rebecca Matlock; $175 per hour for attorney Samuel Brown; $75 per hour for law clerks; and $150 per hour for paralegals. ECF No. 42-1; ECF No. 42-2, p. 2. Plaintiff notes that these rates are elevated in comparison to the rate awarded for the default judgment.[2] Plaintiff contends that "appellate work is inherently more complicated, and therefore more valuable" and that the higher rate is meant to "reflect the increase in value in the work performed on appeal." ECF No. 43, p. 4.

---

[2] The hourly rate approved in connection with the default judgment was $50 lower for all attorneys and staff, except for Mr. Sanford. Mr. Sanford's hourly rate was $133 lower for the initial fee award.

The Court finds that some of the hourly rates presented by counsel are unreasonable and will be reduced to maintain consistency with recent determinations of reasonable rates made by this Court. As to lead counsel Josh Sanford, the Court has previously found that a rate of $300 per hour is an appropriate prevailing rate. *See Holcombe v. Midwest Outdoor Concepts, LLC*, 2023 WL 3077856 at *2 (W.D. Ark. Apr. 25, 2023). Also, the appropriate rate for Rebecca Matlock is $225 per hour, the appropriate rate for paralegals is $75 per hour, and the appropriate rate for law clerks is $25 per hour. S*ee id*. The $175 per hour rate requested for all other attorneys is reasonable and will not be reduced. *See Payne v. Freeman Transit, LLC*, 2024 WL 1855424 at *2 (W.D. Ark. Apr. 29, 2024). Therefore, the Court will use the following rates to calculate the loadstar for this matter: $300 per hour for lead counsel Josh Sanford; $225 per hour for attorney Rebecca Matlock; $175 per hour for attorneys Colby Qualls, Laura Edmondson, Michael Stiritz, and Samuel Brown; $75 per hour for paralegals; and $25 per hour for law clerks.

The Court is not persuaded that Plaintiff's counsel's hourly rates should be elevated for work connected to this appeal. Though counsel broadly asserts that appeal work is inherently more complex, they provide no support for that conclusory statement in relation to this appeal. Also, the Court does not see any reason to conclude that this matter involved difficult or novel questions of law, as the only issues on appeal were the appropriateness of this Court's entry of default judgment as a sanction and the damages and fees awarded. Further, the Eighth Circuit did not find it necessary to conduct oral argument[3] for this appeal and summarily affirmed this Court's rulings without analysis. ECF No. 41-1.

---

[3] On July 6, 2023, the Eighth Circuit informed the parties that after screening this matter it was "selected for submission to a panel of judges on the briefs and record without oral argument." *Lacy Guyton v. JIABAO, Inc., et al*, Case No. 23-1174.

### B. Reasonable Number of Hours Worked

The Court finds that the hours provided by Plaintiff's counsel are generally reasonable. However, there are two exceptions of varying significance. First, the two initial entries on counsel's billing spreadsheet are dated January 23 and January 24, 2023, which were clearly prior to Defendants filing their notice of appeal on January 30, 2023. Those entries are not related to services provided on appeal and will not be considered. Next, the Court will not consider the hours related to preparing the instant motion requesting fees for appeal work. Attorney's fees and costs can be awarded for "services" provided in connection with an appeal. *Cleverly v. W. Elec. Co.*, 594 F.2d at 643. The Court does not consider counsel's request for fees as constituting service for their client because the sole proposed beneficiary of the instant motion is counsel.[4] Therefore, all billing entries from September 26, 2023, to October 2, 2023, will be disregarded in calculating the lodestar amount.[5]

Following the Court's determination regarding reasonable rates and hours above, the lodestar calculation for Plaintiff's counsel is as follows:

| Attorney/Biller | Rate | Hours | Total |
|---|---|---|---|
| Colby Qualls | $175.00 | 0.3 | $52.50 |
| Josh Sanford | $300.00 | 1.7 | $510.00 |
| Laura Edmondson | $175.00 | 0.2 | $35.00 |
| Michael Stiritz | $175.00 | 11.1 | $1,942.50 |
| Rebecca Matlock | $225.00 | 0 | $0.00 |
| Samuel Brown | $175.00 | 0.2 | $35.00 |
| Law Clerk | $25.00 | 5.3 | $132.50 |
| Paralegal | $75.00 | 0.7 | $52.50 |
|  |  | **Total:** | **$2,760.00** |

---

[4] The Court also notes that counsel's fee request for the instant motion is generally dubious. The requested amount of $1,583.00 for work on the instant motion is nearly one-third of counsel's total asserted fees even though it did not involve the appeal work that counsel asserts is so valuable.

[5] Rebecca Matlock only recorded hours in relation to preparing the instant motion and thus her hours will necessarily be reduced to zero.

5

The Court finds that the total lodestar calculation of $2,760.00 reflects the reasonable amount of fees incurred and will award Plaintiff's counsel that amount.

### C. Reasonable Costs

Plaintiff seeks $80 in costs incurred for making paper copies for the appeal. ECF No. 42-3. Courts may generally only award the costs enumerated within 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). The costs of "making any copies of any materials . . . necessarily obtained for use in the case" is explicitly listed as a recoverable cost in 28 U.S.C. § 1920(5). Accordingly, the Court finds that the $80 in copying costs are appropriate and Plaintiff's counsel will be awarded the requested amount.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Appeal Fees and Costs (ECF No. 42) is hereby **GRANTED IN PART**. The Court awards Plaintiff $2,760.00 in attorney's fees and $80.00 in costs.

**IT IS SO ORDERED**, this 21st day of June, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge